UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN RUDOLPH, III,

    Plaintiff,

v.

MSX INTERNATIONAL, INC.; JOHN
SWIES; and MARK BRATTO, jointly and
severally,

    Defendants.
_____/

Case No. 05-70103

Honorable John Corbett O'Meara

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND COMPELLING MEDIATION/ARBITRATION**

This matter came before the court on Defendants' January 11, 2005 motion for summary judgment and to compel mediation/arbitration. Plaintiff filed a response February 4, 2005; and Defendants filed a reply brief February 15, 2005. Oral argument was heard June 3, 2005.

**BACKGROUND FACTS**

Plaintiff Carvin Rudolph, III, was interviewed for a job by defendant MSX International ("MSX") in December 1999. On or about January 18, 2000, a representative from MSX's human resources department telephoned Plaintiff and offered him a position; he accepted. An appointment was made for January 25, 2000, for Plaintiff to discuss the position in person. Upon Plaintiff's arrival on January 25, 2000, he was given a variety of documents to sign, including an employment application.

The employment application included a mediation/arbitration clause which provided,

> I agree that in exchange for consideration of my possible employment with the Company, I will be bound, as though an employee, by the Dispute Resolution Policy. Further, in the event of employment, I will also be bound by the Dispute Resolution Policy. As a result, Mediation and, if unsuccessful, Arbitration will be the sole and exclusive remedies for any claims covered by the Dispute Resolution Policy and I agree not to pursue any such claims in court through a judge or jury. I acknowledge that I have had the opportunity to review the Dispute Resolution Policy prior to signing this document.

Defendants' Ex. 2 at 4.

Plaintiff accepted employment with defendant MSX and most recently worked as a quality systems engineer until he was discharged September 29, 2004. Plaintiff filed this lawsuit, alleging race discrimination under both Title VII and Michigan's ELCRA, retaliation, wrongful discharge, and defamation. The state claims have been dismissed.

Upon removal to this court, Defendants filed this motion for summary judgment and to compel mediation/arbitration based on the employment application Plaintiff signed. Plaintiff contends that the employment application is not a valid contract and that the arbitration agreement is unenforceable because it does not give adequate notice of the rights waived and because it lacks consideration. Plaintiff also contends that the Dispute Resolution Policy ("DRP") referenced in the agreement is unenforceable because it requires the employee to waive statutory remedies, has an unenforceable cost sharing scheme, and lacks mutual obligation.

## **LAW AND ANALYSIS**

The Federal Arbitration Act ("FAA") provides that agreements like the one signed by Plaintiff are enforceable. "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract or transaction . . . shall be valid,

irrevocable, and enforceable." 9 U.S.C. § 2. The FAA further provides that if such a suit is brought, the court "shall . . . stay the trial of the action until such arbitration has been had," 9 U.S.C. §3, and "shall make an order directing the parties to proceed to arbitration." 9 U.S.C. § 4.

As a result of a strong federal policy favoring arbitration, the burden is on the party opposing arbitration to convince the court that arbitration should not be had. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991). In deciding whether to compel arbitration under the FAA, the court must consider whether the parties have made a valid agreement to arbitrate, whether the plaintiff's claims fall within the arbitration provision, and whether legal constraints prevent the plaintiff's claims from being arbitrated. Prudential Ins. Co. of Am. v. Shammas, 865 F. Supp. 429, 433 (W.D. Mich. 1993).

In this case Plaintiff agreed to arbitrate the claims alleged in his complaint. The language in his employment application makes clear that any claim covered by MSX's DRP must be submitted to binding and final mediation/arbitration. Courts have determined that a signed acknowledgment of an arbitration clause in the execution of an employment application form is an enforceable contract. Wells v. ABC Warehouse, No. 242746, 2004 Mich. App. LEXIS 250 at *3-6 (January 27, 2004). Finally, there are no legal or statutory prohibitions preventing the arbitration of Plaintiff's claims, as employment discrimination claims are subject to compulsory arbitration agreements. See Willis v. Dean Witter Reynolds, Inc., 948 F.2d 305, 310 (6th Cir. 1981).

Plaintiff argues that the mediation/arbitration clause in the employment application is not an enforceable contract because it failed to provide Plaintiff with notice that he was waiving his right to adjudicate his discrimination claims in a public judicial forum. He also complains that did not have an opportunity to review the DRP (which specifically states that it applies to employment

3

discrimination claims) before signing the employment application. Plaintiff's affidavit, in which he now claims he never had an opportunity to review the DRP, is meaningless, however. A claim that he did not read or understand the arbitration provisions is not a defense to an otherwise valid arbitration agreement. See Hart v. Christy, 198 Mich. App. 215, 217 (1992). Furthermore, Plaintiff's disagreement with *himself*–alleging in the application that he received relevant materials and then contradicting his earlier, signed statement by claiming that he never received the same materials–does not create a genuine issue of material fact. Although Plaintiff complains that the agreement lacked consideration, courts have routinely held that the acceptance of employment, as well as continued employment, is sufficient consideration to support the enforcement of arbitration clauses.

Finally, Plaintiff argues that even if the employment application constituted a contract, MSX's DRP itself is not valid and enforceable. "[P]redispute agreements to arbitrate statutory employment discrimination claims are valid if: 1) the parties have agreed to arbitrate the claims, 2) the statute itself does not prohibit such agreements, and 3) the arbitration agreement does not waive the substantive rights and remedies of the statute and arbitration procedures are fair so that the employee may effectively vindicate his statutory rights." Rembert v. Ryan's Family Steak Houses, Inc., 235 Mich. App. 118, 156 (1999).

The court has already determined the first factor, that the parties agreed to arbitrate the claims. Second, Title VII does not prohibit arbitration agreements for discrimination claims. Plaintiff complains that the arbitration agreement waives substantive rights and remedies, specifically his chance to collect his attorney's fees as permitted under Title VII. The arbitration agreement, however, states, "the arbitrator shall have the same power and authority as would a judge in a court

4

. . . to grant such other relief . . . as may be in conformance with . . . statutory law." Defendants' Ex. 6.  Presumably, an arbitrator could award attorney's fees to a prevailing party.

Plaintiff also complains that the arbitration agreement provides that he must bear the costs of mediation and arbitration, thereby preventing him from vindicating his statutory rights.  The costs, though, are actually shared by the parties.  The applicable filing fee is $125, roughly the same as the filing fee in federal court.

Plaintiff further challenges the enforceability of DRP because it reserves to MSX the right to make unilateral changes in the agreement in its sole discretion.  In Heurtebise v. Reliable Business Computers, Inc., 452 Mich. 405 (1996), the Michigan Supreme Court considered the arbitration provision contained in an employee handbook.  The court found the provision unenforceable because the introduction to the handbook stated that the handbook was not a contract and because the employer retained the right to change any of its policies at its discretion.

In this case, however, Plaintiff did more than acknowledge receipt of MSX's DRP.  Plaintiff expressly agreed, in a separate writing, to arbitrate his claims and that he would be bound by the terms of the DRP.  Also, unlike the policy at issue in Heurtebise, MSX may modify the DRP unilaterally, but not after a dispute takes place.  "The terms of this policy, in effect during the time the facts giving rise to the dispute took place, are the terms that will be binding on the employee and the company."  Defendants' Ex. 6 at 5.

For all of these reasons, the court finds that the arbitration agreement is enforceable and that Defendants are entitled to summary judgment.

## **ORDER**

It is hereby **ORDERED** that Defendants' January 11, 2005 motion for summary judgment and to compel mediation/arbitration is **GRANTED.**

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated: June 15, 2005